Timothy K. Conde (10118)
timothy.conde@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 South Main, Suite 1100
Salt Lake City, UT 84111
Telephone: (801)328-3131
Facsimile: (801) 578-6999

*Attorneys for Plaintiff NLU Products, LLC*
*dba BGZ Brands*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NLU PRODUCTS, LLC dba BGZ BRANDS, a Utah limited liability company, | **COMPLAINT** |
| Plaintiff, | **JURY DEMANDED** |
| v. | Civil No. _____ |
| LIFEWORKS TECHNOLOGY GROUP, LLC, a New York limited liability company, | Judge _____ |
| Defendant. | |

Plaintiff NLU Products, LLC dba BGZ Brands, ("NLU") hereby complains against

Lifeworks Technology Group, LLC ("Lifeworks"), and for its causes of action alleges as

follows:

### PARTIES

1.      NLU is a Utah limited liability company.

2.      On information and belief, Lifeworks Technology Group, LLC, is a New York

limited liability company.

3.      NLU asserts causes of action for trademark infringement and violations of the

Lanham Act.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1331.  In addition, NLU brings related state law claims over which this Court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Jurisdiction in this Court is also proper because Lifeworks does business in this

district and Lifeworks' acts within this district give rise to the claims brought herein.

5.      Venue in this Court is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

**NLU's Trademarks**

6.      NLU manufactures and markets electronic device accessories including, without

limitation, cases and covers for cell phones, personal media players, and digital cameras.

7.      NLU owns United States Trademark Registration No. 3,420,698 (the "'698

Registration"), for BODYGUARDZ (in standard character form) in connection with "accessories

for electronic devices, namely, screen overlays and body wraps for reducing glare, improving

handwriting recognition and protection for use with personal digital assistants, cellular

telephones, digital camera, audio devices and computers."  A copy of the '698 Registration is

attached as Exhibit A.  NLU has continuously used this mark in commerce since at least 2006.

8.      NLU also owns United States Trademark Registration No. 3,547,300 (the "'300

Registration"), for BODYGUARDZ (in a stylized form) in connection with "application of

protective coatings; Applying protective coatings to personal digital assistants, cellular

telephones, digital cameras, and computers, namely, protective coatings consisting of a durable,

scratch proof, non-puncturable protective film affixed to protect the body of a device from

scratches, offering a clear layer of protection from outside elements."  A copy of the '300

Registration is attached as Exhibit B.  NLU has continuously used this mark in commerce since

at least 2008.

9.     NLU has also established common law trademark rights to the BODYGUARDZ

mark in connection with other accessories for electronic devices including, without limitation,

cases for mobile phones and other personal electronic devices through its use in commerce since

2005.  At least as early as 2005, NLU has promoted products and services online and in print

materials that bear the BODYGUARDZ mark under the protection of the registered and common

law trademarks described above (collectively the "BODYGUARDZ Marks").  As a result of

NLU's efforts, consumers associate the BODYGUARDZ Marks with NLU.

**Lifework's Infringement of NLU's Trademarks**

10.     Lifeworks markets and sells cases and covers for electronic devices that compete

with NLU's covers and cases.

11.     After NLU started advertising, promoting, and selling its phone cases and covers

using the BODYGUARDZ Marks, Lifeworks started marketing and selling phone covers using

the terms BODYGUARD and THE BODYGUARD.  Examples of Lifeworks' cases are attached

as Exhibit C.

12.     The terms BODYGUARD and THE BODYGUARD are nearly identical to, and

have the same commercial impression as, the BODYGUARDZ Mark.

13.     Lifeworks uses the terms BODYGUARD and THE BODYGUARD to promote

goods that are nearly identical to NLU's.

14.     Lifeworks also uses the terms in the same channels of trade as those for NLU's phone covers.

15.     Lifeworks' products bearing the terms BODYGUARD or THE BODYGUARD are sold in many of the same retail outlets as, and often side-by-side with, NLU's phone covers bearing NLU's BODYGUARDZ Marks ("NLU's BODYGUARDZ Covers").

16.     Lifeworks directs its products bearing the terms BODYGUARD or THE BODYGUARD towards the same consumers that purchase NLU's BODYGUARDZ Covers.

17.     Lifeworks uses the terms BODYGUARD and THE BODYGUARD to promote its covers in the same advertising channels that NLU uses to promote NLU's BODYGUARDZ Covers.

18.     In August 2015, NLU notified Lifeworks that it owned the BODYGUARDZ Marks and that Lifeworks' use of the terms BODYGUARD and THE BODYGUARD to market and sell phone covers infringes NLU's trademark rights.

19.     In December 2016, Lifeworks represented to NLU that it would stop manufacturing, selling, and distributing phone covers using the terms BODYGUARD or THE BODYGUARD.

20.     In April 2016, NLU discovered that Lifeworks continues to make and sell phone covers using the terms BODYGUARD and THE BODYGUARD.

21.     Lifeworks' use of the terms BODYGUARD and THE BODYGUARD in connection with its phone covers is likely to cause consumer confusion, mistake, and deception as to the source, ownership, or approval of Lifeworks' goods and services.

22.     Lifeworks' actions have caused and will continue to cause confusion, mistake, or deception by creating a false impression that there is an affiliation between Lifeworks and NLU.

23.     Lifeworks has infringed and continues to intentionally and/or recklessly infringe NLU's BODYGUARDZ Marks by offering for sale competing products using the infringing BODYGUARD or THE BODYGUARD marks.

24.     Lifeworks intentionally infringes NLU's BODYGUARDZ Marks to trade upon the goodwill associated with NLU's BODYGUARDZ Marks and to confuse and mislead the public.

25.     Lifeworks' actions have resulted and will continue to result in substantial and irreparable harm to NLU's business, goodwill, and reputation.

### FIRST CAUSE OF ACTION
**(Trademark Infringement - 15 U.S.C. § 1114)**

26.     NLU incorporates and realleges paragraphs 1 through 25 as though fully set forth herein.

27.     NLU owns valid U.S. trademark registrations for the BODYGUARDZ Marks.

28.     Lifeworks' use of the terms BODYGUARD and THE BODYGUARD is likely to cause confusion, mistake, or is likely to deceive in light of the BODYGUARDZ Marks and constitutes trade infringement under 15 U.S.C. § 1114.

29.     Lifeworks' actions are deliberate, willful, fraudulent, and constitute a knowing infringement of the BODYGUARDZ Marks.

30.     NLU is entitled to injunctive relief pursuant to 15 U.S.C. § 1114.

31.     As a direct and proximate cause of Lifeworks' trademark infringement, NLU has suffered damages in an amount to be determined at trial.

32.     NLU is also entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b), and an award of costs and attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
### (Violation of Lanham Act - 15 U.S.C. § 1125(a))

33.     NLU incorporates and realleges paragraphs 1 through 32 as though fully set forth herein.

34.     NLU owns federal and common law trademark rights with respect to the BODYGUARDZ Marks.

35.     Lifeworks' commercial use of NLU's BODYGUARDZ Marks in advertising constitutes trademark infringement and unfair competition under the Lanham Act.  *See* 15 U.S.C. § 1125(a).

36.     Lifeworks' unauthorized and commercial use of NLU BODYGUARDZ Marks is likely to cause confusion, mistake, or is likely to deceive consumers into the mistaken belief that Lifeworks' products are manufactured by or otherwise associated with NLU.

37.     As a direct and proximate result of Lifeworks' illegal activities, NLU has been damages in an amount to be determined at trial.

38.     Lifeworks' actions are exceptional and entitle NLU to recover damages and Lifeworks' profits in an amount to be proven at trial.  *See* 15 U.S.C. 1117(a).

## THIRD CAUSE OF ACTION
### (Unfair Competition in Violation of Utah Law - Utah Code §§ 13-5a-102, 103)

39.     NLU incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

40.     Lifeworks has willfully engaged in intentional business acts or practices of trademark infringement that are unlawful, unfair, and/or fraudulent, and that lead to a material diminution in the value of NLU's intellectual property.

41.     Lifeworks' unlawful acts violate Utah Code Ann. §§ 13-5a-102 and 103.

42.     As a direct and proximate result of Lifeworks' illegal activities, NLU has suffered damages in an amount to be determined at trial.  Furthermore, due to the intentional and willful nature of Lifeworks' conduct, NLU is entitled to recover its costs and attorneys' fees as well as punitive damages.  *See* Utah Code § 78B-8-201.

**FOURTH CAUSE OF ACTION**
**(Common Law Trademark Infringement and Unfair Competition)**

43.     NLU incorporates and realleges paragraphs 1 through 42 as though fully set forth herein.

44.     NLU owns federal and common law trademark rights in connection with its BODYGUARDZ Marks.

45.     Lifeworks' unauthorized use of the BODYGUARDZ Marks constitutes trademark infringement and unfair competition under the common law of Utah and other states.  Lifeworks' activities have caused consumer confusion as to the source and sponsorship of Lifeworks' goods and will continue to do so unless Lifeworks is enjoined.

46.     As a direct and proximate result, Lifeworks has unlawfully derived and will continue to derive income, profits, and goodwill from its activities, causing NLU irreparable injury for which NLU has no adequate remedy at law.

47.     NLU has suffered and continues to suffer damages under all of the above-listed causes of action.  NLU also has suffered and continues to suffer irreparable and incalculable

injury to its business reputation, goodwill, and to the integrity of NLU's BODYGUARDZ

Marks.  NLU's remedies at law cannot adequately compensate for the ongoing injuries

threatened by Lifeworks' ongoing conduct.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

48.     NLU incorporates and realleges paragraphs 1 through 47 as though fully set forth

herein.

49.     NLU owns federal and common law trademark rights in connection with its

BODYGUARDZ Marks.

50.     Lifeworks has improperly benefited from its unauthorized use of NLU's

trademark rights.

51.     Lifeworks has knowledge of and appreciates the benefits it receives as a result of

its improper actions.

52.     Lifeworks would be unjustly enriched if it were permitted to retain the proceeds

obtained from its improper actions.

53.     Equity demands that Lifeworks account for and pay to NLU an amount equal to

the value of the benefits NLU has conferred upon Lifeworks.

## PRAYER FOR RELIEF

**WHEREFORE,** NLU prays for judgment against Lifeworks as follows:

A.     For damages in an amount to be fully determined at trial;

B.     For reasonable costs and attorneys' fees;

C.     For treble damages;

D.     For punitive damages;

E.     Injunctive relief restraining Lifeworks and its agents, servants, representatives, successors, assigns and all others in active concert or participation with Lifeworks, during the pendency of this action and thereafter permanently from:

(a)     using any trademarks owned by NLU, including but not limited to the BODYGUARDZ Marks, and/or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component, corporate or business name, domain name, or otherwise, to market, advertise, or identify products and services not produced or authorized by NLU;

(b)     otherwise infringing NLU's trademarks;

(c)     unfairly competing with NLU in any manner whatsoever;

(d)     causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of NLU's marks, symbols, labels, or forms of advertisement; and

(e)     committing trademark infringement, false advertising, false designation of origin, false descriptions, unfair competition, and/or any other act or making any other statement that infringes NLU's trademarks or constitutes an act of trademark infringement, false advertising, false designation of origin, false descriptions, unfair competition under federal law, common law, or the laws of the State of Utah;

F.     An order requiring Lifeworks to deliver up for destruction all labels, signs, prints, advertisements, promotional materials, solicitations, packaging, and all other materials in the possession or control of Lifeworks that infringe one or more of NLU's trademarks;

G.     An order requiring Lifeworks to publish corrective advertising that Lifeworks is not associated with NLU and that its products are not NLU's products;

H       An order requiring Lifeworks to account for and pay to NLU Lifeworks' profits it

acquired as a result of its unlawful acts; and

I.       For such other relief as the Court deems just and proper.

DATED October 18, 2016.

STOEL RIVES LLP


/s/ Timothy K. Conde
Timothy K. Conde
Wesley F. Harward

Attorneys for Plaintiff NLU Products, LLC
dba BGZ Brands